NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50308 |
| Plaintiff-Appellee, | D.C. No. 2:87-cr-00571-SVW-6 |
| v. | |
| RODNEY BROWNING, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 1, 2022
Pasadena, California

Before: TALLMAN and FRIEDLAND, Circuit Judges, and KORMAN,** District
Judge.
Dissent by Judge FRIEDLAND.

Rodney Browning is serving a life sentence imposed for a major multi-drug

trafficking conspiracy which ended in June 1987. He has now completed a

concurrent sentence for a related crack cocaine distribution offense. He moved for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

a reduction of his sentence under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. He argued that he was eligible for a reduction under the Act and that his behavior over the course of thirty years of incarceration showed that a reduction was warranted. After holding an initial telephonic hearing and ordering a probation report, the district court denied his motion in a written ruling, concluding that Browning was ineligible for a sentence reduction under the First Step Act, and that, regardless of eligibility, the court would not exercise its discretion to reduce Browning's sentence. We review the district court's decision for an abuse of discretion and affirm.

The district court properly exercised its discretion to deny Browning's motion. The district court actually considered post-sentencing developments, including by considering the sentencing factors set forth in 18 U.S.C. § 3553(a). And despite Browning's argument to the contrary, and our dissenting colleague's view of the record, the district court also considered Browning's post-conviction behavior while imprisoned, concluding that it was "mixed at best." The court ultimately determined that the post-incarceration evidence did not outweigh the gravity of Browning's role in the conspiracy and his drug distribution offenses as a recidivist offender with two prior drug convictions. It noted that Browning had "operated in a supervisory capacity, overseeing subordinates and managing the organization's operations in the Pasadena and Altadena areas." In addition, at the

2

telephonic hearing, the district court commented: "I do remember the case vividly, and [Browning] was among the worst of the drug dealers that I remember appearing at trial. . . . He was a leader of a very dangerous and large scale drug operation, and the sentence that I imposed reflected that." The district court's determination was permissible, and notwithstanding citation to the now overruled *United States v. Kelley*, 962 F.3d 470 (9th Cir. 2020), its analysis was consistent with *Concepcion v. United States*, 142 S. Ct. 2389 (2022).

The district court's footnote from its memorandum decision, which explains that it "decline[d] to analyze the [sentencing] guidelines in detail," does not detract from the fact that the district court considered all of the relevant factors that would be appropriate if the guidelines were in effect. In that footnote, the district court went on to explain that "[t]he sentencing guidelines did not take effect until November 1, 1987 and only apply to offenses committed on or after that date." The court was simply conveying that, because Browning's drug trafficking activities preceded the effective date in November 1987 of the United States Sentencing Guidelines, set forth in 18 U.S.C. § 3553(a), the court had not imposed the original sentence in reliance upon them. Thus, later congressional changes in sentencing guidelines law, now modified by more recent statutory revisions, are not directly applicable to a pre-guidelines sentence imposed on a repeat offender when there was no distinction between crack and powder cocaine at the time

Browning was originally sentenced. We think the level of detail set forth in the district court's analysis of the sentencing factors is nonetheless sufficient for our review of the court's exercise of discretion under *United States v. Carty*, 520 F.3d 984, 995–96 (9th Cir. 2008) (en banc), and respectfully part company with our colleague's view of the record.[1]

**AFFIRMED.**

---

[1] Because we affirm the district court's discretionary holding, we need not consider the district court's alternative holding that Browning's conspiracy count—for which Browning received a life sentence—was not a covered offense under the First Step Act.

*USA v. Browning,* No. 20-50308

Friedland, J., dissenting:

The majority concludes that the district court's analysis of whether to reduce Browning's sentence under the First Step Act was consistent with *Concepcion v. United States*, 142 S. Ct. 2389 (2022). I disagree.

The district court expressly stated that it was curtailing its consideration of the sentencing guidelines in its analysis of whether to exercise its discretion to reduce Browning's sentence, because Ninth Circuit precedent at the time required it to do so. It explained in a footnote: "The Court declines to analyze the guidelines in detail. It would be inconsistent with the First Step Act's limited 'counterfactual' inquiry. *Kelley*, 962 F.3d at 475. The sentencing guidelines did not take effect until November 1, 1987 and only apply to offenses committed on or after that date." At the time the district court considered Browning's request for a sentence reduction, *United States v. Kelley*, 962 F.3d 470 (9th Cir. 2020), instructed courts adjudicating motions under the First Step Act to consider the state of the law at the time the defendant committed the offense, with only one new variable: the penalties changed by the Fair Sentencing Act. *Id.* at 475. The case required, as the district court put it, a "counterfactual" approach that prohibited courts from recognizing developments after a defendant's offense date. Under that counterfactual approach, full consideration of the Sentencing Guidelines was

1

impermissible because the Guidelines were a new variable that took effect after Browning's offense.

We now know, however, that the counterfactual approach required by *Kelley* was invalid. In *Concepcion*, the Supreme Court held that "a district court adjudicating a motion under the First Step Act *may* consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion." 142 S. Ct. at 2396 (emphasis added).

*Concepcion* not only disagreed with the sort of limitations *Kelley* had imposed on a district court's discretionary consideration of sentence reductions, including by explicitly allowing consideration of Sentencing Guideline provisions that did not exist at the time of the original sentencing, but it also explicitly overruled *Kelley*. *Concepcion*, 142 S. Ct. at 2398 n.2. Thus, when the district court here "decline[d] to analyze the guidelines in detail," because it understood itself constrained by *Kelley*, the court circumscribed its analysis to adhere to a now-erroneous legal approach.[1] That was an abuse of discretion. *See Barnett v.*

---

[1] I recognize that the district court did not fully comply with *Kelley*—the court partially considered the Sentencing Guidelines even though they were an intervening development other than the Fair Sentencing Act. But the court clearly signaled that, because of *Kelley*, it had to limit its analysis of the Guidelines' sentencing factors. *Concepcion* has now made clear that the district court should have faced no such limitation. A remand to allow the district court to exercise its discretion in light of all relevant factors is thus required.

*Norman*, 782 F.3d 417, 421 (9th Cir. 2015) ("A district court abuses its discretion when it does not apply the correct law.").[2]

The legal error likely led the district court to give short shrift to Johnson's substantial evidence of rehabilitation. The majority emphasizes that the district court discussed Browning's behavior in prison and characterized his behavior as "mixed." But the district court's discussion appears only in the decision's background section—and that discussion is curt. There is no mention of Browning's rehabilitation evidence in the section containing the district court's legal analysis, where the district court applied the law to the relevant facts. And, even in the background section, the district court omitted any mention of the facts that, during Browning's thirty years of imprisonment, he was reassigned to a low-security prison, participated in a diversion program for at-risk youth, performed satisfactorily at work, and had a nearly spotless disciplinary record—with not a single violation in the past fifteen years. The unmentioned rehabilitation evidence

---

[2] The majority seems to think the district court's recognition that "[t]he sentencing guidelines did not take effect until November 1, 1987 and only apply to offenses committed on or after that date" shows that there was no legal error in the district court's analysis. But the district court's recognition is, in fact, evidence of its legal error. In highlighting the Guidelines' effective date, the district court was making clear that it could not fully consider the Guidelines, because the Guidelines took effect after Browning's offense and were therefore a development that *Kelley* prohibited it from considering. Under *Concepcion*, that the Sentencing Guidelines took effect after Browning's offense is of little consequence—district courts are free to consider developments in the law since the offense.

3

could have made a difference to the district court's thinking if it had not believed itself to be constrained by *Kelley*'s restrictions. Because our court today fails to correct the district court's legal error, Browning will not receive the assessment to which he is entitled—an assessment provided for by Congress and governed by *Concepcion*.